ALEXANDER M. LYNCH *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Privilege taxes. Licenses. Tinware. Washing machines.*
The term tinware embraces washing machines made of tin, and a
license is not required for the sale of such machines manufactured
in this state.

FROM the circuit court of Tippah county.

HON. Z. M. STEPHENS, Judge.

Lynch, the appellant, was prosecuted by the state, being
charged with having "engaged in the business of a transient
vendor of merchandise, selling washing machines and wringers
without being a licensed peddler." The tax on transient ven-
dors of merchandise in each county is $25, but by laws
1898, p. 21, a tax is imposed "on each peddler of tinware or
pottery, or both, not manufactured in this state." It is ex-
pressly provided, however, that a person, or his employe, ped-
dling pottery or tinware manufactured by himself in this state,
shall not be required to pay a privilege tax. The privilege tax
laws make it a misdemeanor to carry on the business taxed
without having paid the taxes and procured license so to do.
On the trial it was shown that the articles in which appellant
had been dealing were washing machines made of tin, and that
they were manufactured in this state. From a conviction in
the circuit court appellant appealed to the supreme court.

*Jones & Spight* and *F. A. Witherspoon*, for appellant.

The washers were made wholly of tin and were surely house-
hold articles, and if they are not tinware we do not know where
to class them. They are certainly no other kind of ware. They
are composed of tin and manufactured in this state, and are not
subject to a tax. The defendant was an employe of the pat-
entee and manufacturer. Sec. 61, acts 1898, ch. 5, p. 22.

---

Syllabus.

---

*Monroe McClurg*, attorney-general, for appellee.

TERRAL, J., delivered the opinion of the court.

The appellant was charged by affidavit with selling in Tippah county washing machines and wringers without license. He claimed that he sold only family rights to the use of the washing machine patented by E. R. Crooker, for whom he (Lynch) was acting as agent in the sale of the family rights, and that he furnished to the purchaser a model of the washing machine manufactured in the state, and entirely of tin, by the patentee. The proof showed that the wringers were a patented article also, manufactured in the state of Ohio, and were merely ordered from Ohio at the request of the purchaser of the clothes washer. We think the defendant below was improperly convicted, and that he was acting in conformity with law, whether he was selling family rights or was selling the machine itself. Tinware is defined in the Standard Dictionary as "household articles, collectively, as vessels and dishes, made of tin plate," and we see no reason for excepting the tin clothes washer out of that definition. The law required no license for selling tinware manufactured in this state, and the appellant should have been acquitted.